

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**10/02/2008**

IN RE:
J. D. MANUFACTURING, INC.; dba ARROW          CASE NO: 07-36751
WASTE
     Debtor(s)

CHAPTER  11

## <u>MEMORANDUM OPINION AND ORDER</u><br><u>CONVERTING CASE TO CHAPTER 7</u><br><u>(Doc's 46, 76, 121, 115)</u>

The Court conducted a hearing this date on:

1.     The motion by Waste Management of Texas, Inc. to convert or to dismiss this case (docket # 46);
2.     The motion by the US Trustee to convert or to dismiss this case (docket # 76);
3.     Approval of Debtor's disclosure statement (docket # 114 as modified and supplemented by docket # 121);
4.     Confirmation of Debtor's Second Amended Plan of Reorganization (docket # 115).

       For reasons set forth on the record under FRBP 7052, and as supplemented and expanded in this memorandum and order, approval of the disclosure statement is denied.  Because the disclosure statement cannot be approved, the plan cannot be confirmed.  Because 365 days have now elapsed after the voluntary chapter 11 petition was filed[1] and no plan has been confirmed, Debtor will not be able to confirm a chapter 11 plan within the time specified by Bankruptcy Code §§ 1121(e)(2) and 1129(e).[2] Failure to confirm a plan within the time prescribed by the Bankruptcy Code is cause for conversion or dismissal of the case.[3]  But in addition, there is other "cause".  Debtor has been consistently late in filing Monthly Operating Reports, Debtor has failed to comply competently with the Court's disclosure order, and Debtor has demonstrated inability to administer a plan for distribution of assets to creditors. Therefore this case is converted to chapter 7.

## I.    DENIAL OF APPROVAL OF DISCLOSURE STATEMENT

       By case management order issued under authority of Bankruptcy Code § 105(d), the Court set May 30, 2008, for Debtor to file a plan and disclosure statement.  Debtor filed its initial chapter 11 plan on May 30, 2008.  That plan was meaningless.[4]  The Court extended the deadline for filing a plan to August 1, 2008.  Debtor filed an amended plan on July 21, 2008.  Debtor filed a third plan and

---

[1] The voluntary petition commencing this case was filed 10/1/07; a voluntary petition constitutes an "order for relief," Bankruptcy Code § 301(b).

[2] Section 1121(e)(2) requires a small business plan and disclosures statement to be filed within 300 days after the order for relief and section 1129(e) sets a 45 day time limit (following the date that the plan was filed) for confirmation of the plan.

[3] Bankruptcy Code § 1112(B)(4)(j).

[4] *See* discussion below.

disclosure statement on August 7, 2008.  The essence of the plan was that Debtor would sell approximately 80% of its assets (including its business as a going concern) in a sale to be approved by emergency motion under Bankruptcy Code § 363; the plan proposed that the remaining assets (accounts receivable and a few trucks) would be liquidated.  The cash would be distributed to creditors.  The Court authorized the sale on August 15, 2008.  On August 25, 2008, Debtor filed another plan and disclosure statement, virtually identical to the August 7 plan and disclosure statement, but disclosing the fact of the sale and the terms of the sale.

On September 2, the Court issued an order Tentatively and Conditionally Approving the Disclosure Statement (docket # 117).  The order required Debtor to correct two statements in the disclosure statement that are simply wrong.[5]  The Court also concluded that the proposed disclosure statement did not give creditors "adequate information"[6] because, in the Court's view, the document did not provide enough information to let a hypothetical creditor know what assets were available for liquidation and payment of creditors' claims, what amounts Debtor expected to be able to distribute to each class of creditors, and when the distributions would be made.  Therefore, the Court set out specific additions and corrections that would make the disclosure adequate, and the Court approved the disclosure statement conditional on those changes being made.

"Adequacy" of information is a determination that is relative both to the entity (e.g. assets/business being reorganized or liquidated) and to the sophistication of the creditors to whom the disclosure statement is addressed.  Very simple plans with few creditors do not require complex, lengthy disclosure statements.

In this case, the plan was simple.  Debtor had on hand about $1.7 million from the sale of its business.  The plan called for Debtor to liquidate the remaining miscellaneous assets worth about $361,000, thus making available a total of about $2 million.  The plan then required Debtor to distribute the cash to creditors and interest holders.  Thus the plan for obtaining assets for distribution to creditors was exceptionally simple.  There are only about 16 creditors, arranged in 9 classes, so great specificity was possible without significant effort.  But the disclosure statement that debtor filed was dense boilerplate that was not adequate to inform creditors.

1.  Disclosure of Assets:  There was no concise, clear statement of what assets were available for liquidation and for payment of creditor claims.  The disclosure statement simply referred to bankruptcy schedules that had been filed with the Court.  But reference to the schedules was misleading because Debtor had sold over 80% of its assets subsequent to filing those schedules. [7]  The purpose of a disclosure statement is to give creditors enough information to vote.  It is not intended to be a boilerplate document that simply refers creditors to other documents, particularly documents that are outdated.  The Court required a supplement to the disclosure statement, a simple statement of what

---

[5] Docket # 117, paragraphs 1(a), (d).  The disclosure statement, in boilerplate, stated that the plan contemplated survival of Debtor's business.  In fact the business had been sold and the assets would be liquidated.
[6] Bankruptcy Code § 1125(a).
[7] Docket # 114, paragraph 2.6.  Paragraph 2.6 does not refer to 80% of the Debtor's assets that consisted of cash, held in an escrow account, from the sale of the business.

assets Debtor expected to have available for payment of creditor claims and what was the value of those assets.

Exhibit A that Debtor produced and sent to creditors in response to the Court's order did not include the $1.7 million proceeds of the sale of the business.[8]  The Court concludes that the supplementary disclosure did not comply with the Court's order and that the disclosure is inadequate.[9]

2.   <u>Disclosure of Proposed Distributions to Creditors.</u>  The sole purpose of the plan is to provide for collection of receivables and the sale of 6 trucks to produce about $361,000,[10] to add those liquidation proceeds to approximately $1.7 million from the sale of the business, and to distribute this total of approximately $2 million[11] among about 16 creditors who hold claims of about $1.3 million.[12]  Rather than just name the 16 creditors and explain simply what payments the creditors would receive and when, the disclosure statement again referred to the bankruptcy schedules filed with the Court.[13]  The disclosure statement also provided 3 full pages of narrative.[14]  The Court's order Tentatively and Conditionally Approving the Disclosure Statement  required " … a schedule of liabilities, subtotaled within the classes of creditors that the Plan creates …" and  " … a spreadsheet indicating the sources and amount of funds expected at the commencement of each month, and the disbursements within each calendar month (stated separately with respect to each class of creditors) for each month until all assets are distributed under the plan." [15]

What Debtor produced in response, and sent to creditors, was a document that was inadequate and was also incorrect.[16]  The list of creditors classifies attorneys' fees of secured creditors as administrative claims rather than as secured claims.  The spreadsheet did not include the proceeds of liquidation of miscellaneous collateral (approximately $361,000).[17]  The distribution timetable is substantially and materially different from the provisions in the plan about when distributions are to be made.  The Court concludes that the supplementary disclosure did not comply with the Court's order and that the disclosure is inadequate.

Because the disclosure statement does not comply with the Court's order and is not adequate, conditional approval is rescinded and the disclosure statement is not approved.  Therefore, the Court cannot proceed with plan confirmation.

---

[8] Docket # 120, Exhibit A, Debtor's Assets.
[9] Exhibit C (the proposed distribution) showed the cash available from the sale of the business, but it did not show the $361,000 proceeds from liquidation of other assets.
[10] *Id.*
[11] Subject to adjustments.
[12] Docket # 120, Exhibit B, Debtor's Liabilities.
[13] Docket # 114, paragraphs 2.7 through 2.10.
[14] Docket # 114, paragraph 4.1.
[15] Docket # 117, paragraph 1(c) and (f).
[16] Docket # 120, Exhibit A, Debtor's Assets.
[17] Docket # 120, Exhibit C.

## II.   DEBTOR HAS NOT CONFIRMED A PLAN TIMELY

Bankruptcy Code § 1121(e) requires a small business debtor to file a plan and disclosure statement within 300 days after the order for relief.  The voluntary petition in this case was filed October 1, 2007, and it is the order for relief in this case.  By order dated December 18, 2007, [18] the Court ordered Debtor to file a plan by May 30.[19]  The initial plan was filed May 30, 2008.  It was not a meaningful document (*see* order, docket # 65).  The Court extended the deadline to August 1, 2008.  The second plan was filed July 21, 2008, which is within the statutory 300 day deadline.  Subsequent plans filed August 7 and August 25 are not within the 300 day deadline.  There only real difference among the last 3 plans is that the details of the sale of the business are disclosed with more specificity.

Bankruptcy Code § 1129(e) requires confirmation of a plan within 45 days after it is filed, unless the Court extends the time under § 1121(e)(3).  Forty-five days after July 21 is September 4, 2008.  Debtor did not confirm any plan by September 4. [20]  As of October 1, the date of this hearing, no plan has been confirmed.

Bankruptcy Code § 1121(e)(3) provides that the 45 days can be extended <u>only</u> if the court issues an order prior to the running of that deadline.  A prerequisite to the issuance of an order granting extension is a request by the debtor that is noticed to parties in interest.  The debtor must also prove at a hearing "… that it is more likely than not that the court will confirm a plan within a reasonable period of time."  Debtor did not request an extension of the 45 day limit and the Court did not issue an order extending the September 4 deadline.

But even if the deadline had been extended, the Court would be hard pressed to conclude that confirmation of the debtor's plan in this case is more likely than not.  One of the conditions of confirmation is that the debtor must have disclosed the identity of individuals who will serve as control persons of the post-confirmation debtor.  The Court must conclude that the appointment or continuation of that person in control is consistent with the interests of creditors and equity security holders.[21]  The Court has lost confidence in Mr. DeAnda and cannot make that determination.  Mr. DeAnda is the owner of the Debtor, and has been in control of Debtor.  Mr. DeAnda, with assistance of the attorney who closed the sale of the business and holds the proceeds in his client account, would continue in control under the plan.

The Court would find it difficult to conclude that it is in the best interest of creditors to allow Mr. DeAnda to continue in control of the reorganized Debtor because the Debtor, under Mr. DeAnda's control, has failed to fulfill its duties as a debtor in possession.  On December 14, 2007, the Court held a status and scheduling conference under authority of Bankruptcy Code § 105(d).  At that status conference Debtor stated that Mr. DeAnda anticipated a sale of assets for injection of cash into the business or that he would arrange a sale of the business <u>within 90 days</u>.  The Court set a May 30

---

[18] Docket # 26.

[19] As explained below, at a § 105(d) conference, Debtor had told the Court that it would find a capital injection or a buyer for the business by mid-March.  The Court gave Debtor two additional months to file a plan.

[20] The Court ignores, for purposes of this opinion, failure to comply with § 1129(e) with respect to the May 30 plan.

[21] Bankruptcy Code § 1129(a)(5)(A).

deadline for filing a plan and disclosure statement.[22]  The Debtor met that deadline, but only by filing a meaningless document.  The Court wrote: [23]

> Debtor has filed a chapter 11 plan (docket # 64) and a disclosure statement (docket # 63).  The disclosure statement merely says that Debtor cannot reorganize and is negotiating to sell the business. It also states that Debtor may amend the disclosure statement if an agreement is reached to sell the business and also states that the sale of the business will pay all debts.

> To approve a disclosure statement, the Court must find that the statement gives creditors sufficient information to evaluate and to vote on the plan. Bankruptcy Code § 1125:

> > "adequate information" means information of a kind, and in sufficient detail … that would enable … a hypothetical investor … to make an informed judgment about the plan …

> The Court concludes that this disclosure statement, as a matter of law, is inadequate. It gives no information about the proposed sale.  No information is not adequate information.

> Since the disclosure statement is inadequate as a matter of law, no hearing is necessary and approval of the disclosure statement is denied.

*Id.*

Debtor has failed to perform other bankruptcy duties.  For example, Debtor has consistently been late filing monthly operating reports, despite court order.

And in the current plan and disclosure statement, Debtor has demonstrated inability to provide a comprehensive list of assets, inability to provide a spreadsheet for distribution of funds that incorporates even the inaccurate list of assets, and inability to provide a spreadsheet schedule of proposed distributions to creditors that matches the plan that Debtor proposed.

The Court cannot conclude that management who is unable to fulfill these duties should be left unsupervised to consummate the plan.

---

[22] Docket # 26.
[23] Docket # 65.

### III.   CONCLUSION

This disclosure statement is not approved.  The Court cannot grant an extension of time (or if the Court has the authority to grant an extension of time, the Court declines to grant an extension of time) to file another disclosure statement and plan.  Therefore there is cause to convert the case to chapter 7 and

**IT IS ORDERED THAT** the case is converted to chapter 7.

SIGNED 10/02/2008.

_Wesley W. Steen_
Wesley W. Steen
United States Bankruptcy Judge